

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| SHERYL L. DELAFUENTE, | ) CASE NO. 07-32723-H3-7 |
| Debtor, | ) |

## MEMORANDUM OPINION

The court has considered the "Debtor's Motion for Reconsideration and In the Alternative to Reinstate" (Docket No. 15). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

On April 18, 2007, Sheryl L. Delafuente ("Debtor") filed a statement indicating that she completed an instructional course in personal financial management on September 4, 2006. (Docket No. 11, Case No. 07-31227-H3-7).[1]

---

[1] Debtor's testimony with respect to the instant motion indicates that the "instructional course in personal financial management" identified in Debtor's statement filed April 18, 2007 was in fact a prepetition briefing from a credit counseling agency.

On February 20, 2007, Debtor filed the petition in Case No. 07-31227-H3-7.  Debtor signed a document, attached to the petition in Case No. 07-31227-H3-7, indicating that she received a briefing from a credit counseling agency, within the 180 days before the filing of the case.  (Docket No. 1, Case No. 07-31227-H3-7).

Case No. 07-31227-H3-7 was dismissed, by order entered April 18, 2007.  (Docket No. 10, Case No. 07-31227-H3-7).

On April 25, 2007, 233 days after the date Debtor received a briefing from a credit counseling agency, Debtor filed the petition in the above captioned Chapter 7 case.  As was true in the first case, Debtor signed a document, attached to the petition in the instant case, indicating that she received a briefing from a credit counseling agency, within the 180 days before the filing of the case.  (Docket No. 1).

Debtor had not received a briefing from a credit counseling agency within the 180 days before the filing of the case.  Debtor did not assert exigent circumstances, and that she requested credit counseling services, but was unable to obtain them, during the five-day period beginning on the date the debtor made the request.  Debtor did not assert that she was unable to complete counseling due to incapacity, disability, or active military duty in a military combat zone.

Debtor subsequently received a briefing from a credit counseling agency on May 31, 2007, 36 days after the date of filing of the petition in the instant case.  (Docket No. 21).

The instant case was dismissed as a result of Debtor's failure to file a certificate showing that she received a prepetition briefing from a credit counseling agency within the 180 days before the filing of the petition.  (Docket No. 11).

In the instant motion, Debtor seeks reconsideration of the dismissal of the instant case, in light of Debtor's filing, on August 20, 2007, a certificate showing that Debtor received a credit counseling briefing on May 31, 2007.

## Conclusions of Law

Section 109(h) of the Bankruptcy Code provides in pertinent part:

> (1) Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.
>
> * * *
>
> (3)(A) Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that-

3

>> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
>> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
>
>> (iii) is satisfactory to the court.
>
> (B) With respect to a debtor, an exemption under subparagraph (A) shall cease to apply to that debtor on the date on which the debtor meets the requirements of paragraph (1), but in no case may the exemption apply to that debtor after the date that is 30 days after the debtor files a petition, except that the court, for cause, may order an additional 15 days.
>
> (4) The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone.

11 U.S.C. § 109(h)(1).

If none of the exceptions applies, the court lacks discretion to consider the particular situation of individual debtors, except when those circumstances fall within the confines of the three, specific statutory exceptions enumerated in Section 109.  In re Ruckdaschel, 364 B.R. 724 (Bankr. D. Idaho 2007).

In the instant case, none of the statutory exceptions applies.  Debtor has not submitted a certification that exigent circumstances merit a temporary waiver and that she requested but was unable to obtain credit counseling services during the five day period in which she made the request, or that she is

4

incapacitated, disabled, or on active military duty in a military combat zone.  Neither the September 4, 2006 briefing nor the May 31, 2007 briefing satisfies the requirement that the Debtor receive the briefing within 180 days before the date of filing of the petition.  The court concludes that the instant motion should be denied.

Based on the foregoing, a separate Judgment will be entered denying the "Debtor's Motion for Reconsideration and In the Alternative to Reinstate" (Docket No. 15).

Signed at Houston, Texas on November 1, 2007.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE